Good morning, Your Honors. For the record, Attorney Raphael Kastelang, I represent the Thank you. Good morning, Mr. Kastelang. Good morning. I didn't know your name otherwise. Your Honor, I would like to address the first assignment of error concerning the District Court's failure to act upon Ortiz-Vega's timely motion for substitute counsel and in failing to decide the Lafler and Frye claim of ineffective assistance of counsel. The District Court abrogated its judicial responsibility on two occasions. The first occasion was when the defendant filed a pro se motion on January 24, 2012, complaining that his attorney had not visited him for seven months. The District Court, instead of acting on the motion as this Court's precedence required him to, did nothing. As a consequence of that limbo that was created, that quite frankly promoted the Lafler-Frye violation to continue, the appellant had to hire new counsel. Through his new counsel, he then presented the issue of ineffective assistance of counsel before the District Court, that the Court actually decided to entertain. It not only heard argument on several occasions, it required those to file a response. And when the evidentiary hearing was scheduled to be held, Mr. Dole appeared as a criminal defense attorney, claiming a conflict of interest and refusing to testify. So this case is clearly distinguishable from the Laplante opinion that the government heavily relies upon. In Laplante, the first sentence that the Court states in the opinion is that Laplante never raised for ineffective assistance claim in the District Court. Now here, it was raised, it was properly presented, and the Court had an obligation to decide the issue because it was a sentencing issue that clearly could have affected the amount of time that appellant was facing. Here's the difficulty I'm having. Maybe you could help me with it. We've got a plea agreement with a waiver of appellate rights in it. And so normally that would be the end of the case. We have an exception, though, for miscarriage of justice. And we've recognized that in some situations, if someone was poorly advised by counsel in entering into the plea agreement, then under certain circumstances, we might find that gets around the waiver. Here, though, this fellow had competent counsel who advised him in connection with entering into the plea agreement that's before us. And the argument is that earlier on in the proceedings, he was ill-advised by ineffective assistance of counsel and was some error. Well, that's kind of almost always the case with plea waivers, which is waiver of appeals, because usually there's something earlier on that was an error, a denial of a motion to suppress, or maybe a person thinking he's innocent and bringing a motion to dismiss. And those are usually all wiped out by a plea agreement with a waiver in it. Why isn't this alleged error that occurred prior to the plea waiver wiped out? I submit to the court that this is one of the clear exceptions, which Fry specifically states. Fry rejected that argument and stated that a knowing involuntary plea that supersedes errors by defense counsel does not apply when you have a Fry violation, because the Fry violation occurs prior to his entering that plea. The problem is, and since Fry annuls the effectiveness of the new plea, it states clearly that the fact that the defendant pled with competent counsel does not take away his argument that preceding that plea, there was an ineffective assistance claim that affects the validity. I submit that it affects the validity of the waiver of appeal clause. This court stated clearly one of the exceptions of the miscarriage of justice is when you have an ineffective assistance claim. Here we have a two-pronged problem. But there's something I want to clear up, maybe I misread. Is it the fact that his new counsel attempted to get the old offer and it was refused and he was told that he had to accept the higher plea? That is correct. The new counsel was told that the old plea was off the table and he had to accept the higher plea, which, again, the fact that Ortiz Vega accepted the higher plea supports his contention that had he been adequately informed of the process of the plea negotiations, he would have accepted the better plea offer that he had those communicated with him as he was obliged to do. So this case, Your Honor, should not be relegated to the mentality that the new plea somehow supersedes and annulled his prior claim, particularly when we have a legal issue of the district court failing to act upon timely motions, complaining about the attorney that, as I said, they're directly tied. One, the failure to act upon Ortiz Vega's motions, complaining that his counsel had not seen him in seven months has a causal relation to the problem that eventually ensued with him not having an adequate communication with his counsel. But wasn't the defective communication, didn't that infect the plea agreement itself in Frye? In other words, at the time he entered into the plea agreement, he wasn't fully aware of the ineffective assistance of counsel. So a court naturally says it's kind of hard to waive something you're not fully aware of. Here, though, at the time the plea agreement is entered into, the defendant and his new counsel are fully aware of all facts and can assess the strength of the claim or not and could have persisted in bringing a claim under Frye, but instead opted to enter into a plea agreement with a waiver. Your Honor, the problem is that he had to choose. No, I disagree, because in Frye, in fact, the defendant entered into a guilty plea that was set aside. The only variance here is that in Frye, the defendant was not aware of the prior offers. Here, the defendant was made aware of the prior offer, but the lawyer failed to keep his communication with him as to the status of that negotiation. And as my brief clearly establishes, that failure to keep the defendant informed is part and parcel of a Frye violation. So I believe this case presents some important variances that extend Frye to situations such as this. I'm sorry to interrupt. I'm trying to find, if you could give me a little bit more information. When the first attorney, Mr. Daltz, showed up for the hearing, he showed up with an attorney. Did he take the fifth, or did the court probe it that much? That's another problem. Here you have an attorney that first appears, files a motion blaming the defendant and his new attorney. And then when the court schedules for an evidentiary hearing where he's already heard oral argument, has already received motions by the attorney, then the court-appointed counsel appears with retained criminal defense counsel, Mr. Rebollo, who then states he is not going to testify. There's a conflict of interest. And here again we have a third error, that the court never even bothered to inquire, why is Mr. Daltz claiming a conflict of interest? Your question, unfortunately, cannot be answered because the district court, again, elected erroneously to say that this was a premature 2255 motion and he was not going to decide it. Well, suppose we just assume there was ineffective assistance of counsel by Stoltz. Suppose we assume that had he brought a motion to suppress evidence, it would have been thrown out. Suppose we assume there was a running of the statute of limitations. And suppose we assume if he tried the case, he actually would have been found innocent. Doesn't your client lose all of those arguments by the plea waiver? I don't think the issue here is a failure to file a suppression motion. The issue here is I was offered a plea. I tried to get my counsel to negotiate a better plea, and he did nothing. And by the time I finally was able to appear with new counsel, that old plea that was much more beneficial had been removed. And this is a sentencing matter that the district court should have decided. Just one more question. My assumption based upon at least the limited record that we have, because I know this wasn't developed below, is that the first, the lower plea was communicated to the defendant. He rejected it, asked for negotiations to continue. But my assumption is that he was never advised by his first attorney as to the time frame for a final acceptance or rejection. Right. In fact, the AUSA never established a time period. That's another matter that I raised in my brief, Your Honor. And if the record is incomplete, it's because the district court purposely made it so that it couldn't be complete. It should have been complete if he had complied with his obligation and decided a sentencing matter that he had already committed himself to decide on the merits. Thank you. Mr. Pena-Sosa, good morning. Good morning, Your Honors. It's the government's position that in this case the district court exercised its discretion and did celebrate a hearing where evidence was received. The crucial evidence received established two basic points. But the court never ruled on anything other than to say that it was premature. Yes, but it made two findings which are central to the ultimate determination. And the findings were that here the plea offer was in fact communicated to Mr. Ortiz Vega. So that takes the case away from the Frey decision and that Mr. Vega refused that offer. There is something in the record and I would have to concede to Your Honor's concern that's not fully developed. That at some point there was someone else who approached the first counsel and indicated that the offer had to be less than what he was actually initially offered and was communicated to him. So those two points are central to the disposition that here the Frey and Lafler argument are not of application. The problem I have is that plea negotiations aren't static processes. They're dynamic. And simply because a first plea offer may be rejected doesn't mean that if the attorney couldn't get a better one, the defendant would have accepted the first plea if that was the best his attorney could do. There was a long period of time when his attorney simply didn't communicate with him. Absolutely. Yes, go ahead and answer. No, absolutely. But what the record suggests is the defendant said, I don't want that offer. I want less. And that was not given. He said something slightly different. He said he wanted the plea, but he said, correct me if I'm wrong, that he did not want that plea because the leaders of the group, who are at least according to him in higher hierarchy of the enterprise, had received a much lower sentence than he was being offered. He asked his lawyer to check that out. He never heard from his lawyer. Am I correct? Yes, that's correct. All right. That's correct. But yet the offer that the government proposed conveyed to him was for X months, obviously taking into account his own particular circumstances and participation within the enterprise and his own personal characteristics. Well, I don't understand. If the leaders of the group get a much higher sentence than somebody who is apparently just a soldier in the group, wouldn't it be normal for the defendant to ask his lawyer to see if he could get him a better deal, even though he said, I still want a plea? Does that sound irrational to you? He wanted a plea, and he was offered X amount, and that he rejected. That's what I understand. And he asked his lawyer to make a counteroffer. He never heard from his lawyer again. The record suggests that what he said was, I don't want that offer. I want something less, and the government was not willing to give him a lesser. The problem is that it was never communicated to him that that was the government's final position, so that then he could have made a rational decision as to whether he could accept it within a particular timeframe, because obviously there was an expiration that wasn't communicated to him, or if he would have taken his chances and gone to trial. The record is silent as to that. What we do know is that there was offer, and it was rejected. Well, don't we have to assume, based on the record before us, that had the fact finder gone forward with the hearing, he easily could have determined that defense counsel never got back to the defendant and told him that there had been a rejection of the offer at a time when he might have come back and said, oh, all right, I'll take the government's position. So if we assume, I think we have to assume that that's why the judge suspended the hearing. He didn't find whether that happened or not. What's your argument for saying that if we assume that, you still win? Well, because we believe that defendant is not left without a remedy. Defendant is not left without a remedy because a full-fledged exploration of the pertinent facts would be raised through a 2255 motion. Well, then if that's your argument, then why didn't the judge just do it now in this proceeding? Because apparently, then the record isn't clear. I must state also that the judge might understand that there were not all the necessary elements, not all the necessary proof in order for him to delve into the proceeding. You had defense counsel and you had the defendant in the court saying, he never called me back. You had his lawyer sitting right there refusing to testify. That's kind of a red flag, isn't it? Yes, absolutely, I can say to that. But there's also, as I pointed before, in response to Judge Thompson's question, there was someone at some point who addressed his prior counsel communicating the information that defendant himself had voiced, that he wanted just that X amount of money, and that person wasn't there. So probably I believe that the court thought that at this point, I don't have everything. He will not be prejudiced. I will sentence him, and the ineffective assistance claims are better raised in a 2255, and thus the settled principle. So is the government's position here that notwithstanding the appeal waiver and the plea agreement, there is this live unresolved issue of ineffective assistance of counsel, but that it should be resolved in the habeas proceeding, not in this case? I would submit that that's the essence of our argument, that the court did not block the, to entertain the ineffective assistance claim. It heard sufficient, and it found within his discretion, within its discretion, that this was something that would be better resolved through a 2255 petition. And the government's argument is that that remedy is there. Defendant is not left un-orphaned without something that he can go through, and he can resolve his claim more fully. Based on the record, what do you understand to be a conflict of interest between this lawyer and this situation? The conflict of interest between Mr. Dawes and it's... He claimed he had a conflict of interest. I don't know what the conflict of interest is. That is, when he, you mentioned when he requested the fifth, that's what you requested? He claimed the fifth, or he... That's something in the record that's not fully developed and set clear. No, we have to go by the record. He said conflict of, he did not claim the fifth amendment. He claimed conflict of interest. That is not, that is not spelled out in the record. That is not spelled out in the record, and that's something precisely, that sort of circumstances, that type of circumstances call for this to go, to be fully explored in a 2255 proceeding. That is our position. But I absolutely agree with Your Honor, that's not really clear from the record. Well, not just that, it seems to me that if somebody raised something that's not clear to me, then I asked them to clear it up, and nothing happened. In the record, well, the record is, I can only say that the record is not really developed on that extreme, and there's no answer to that. At least, I don't recall from my reading of the whole record, something to that extreme. But I go back to my point. He can raise this. Does the government think that this case should be remanded for a hearing on 2255? The government submits that defendant has the right, and he can go and request that his claim be fully explored in a 2255 proceeding, which I think was what the court actually, what the court actually determined in the case. But there was nothing preventing the court before sentencing from exploring the issue of ineffective counsel then and there. I mean, it seems to me that it may have even been a different standard of proof. What I can submit to Your Honor is that the court within the exercise of its discretion, it did not exclude the possibility of entering into the ineffective assistance claim, because it actually did. But it found within its discretion that it was premature. And my finding it premature is by its own terms an indication that it could. Is finding it premature, if we disagree, is that an error of law? Is that an abuse of discretion? What would you call that? I would say it was the court's discretion. The court did not abuse its discretion, because it ruled based on what it had before it, and it actually found that it did not have all the elements. That's what you have to logically conclude in order to entertain this particular claim to its full extent, as it should be done in a full-fledged hearing. Thank you.